# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-08442-RGK-MRW | Date | October 8, 2020 |
|---|---|---|---|
| Title | MICHAEL ANDERSON v. WELLS FARGO BANK, N.A., et al | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

Michael Anderson ("Plaintiff") filed an action against Wells Fargo Bank, N.A. ("Wells Fargo"), John P. Manning ("Manning"), and Douglas R. Martins ("Martins") alleging state common law and statutory claims under the California Labor Code. On September 15, 2020, Wells Fargo removed this action from state court based on diversity jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Wells Fargo states that, although Manning and Martins (collectively, "Individual Defendants") are California citizens, they are fraudulently joined, and should not be considered for purposes of determining diversity jurisdiction. It is true that corporate agents cannot be held individually liable for actions they took in their corporate capacities. *Martinez v. Combs*, 49 Cal. 4th 35, 66 (2010). However, persons are not absolved of liability under California Labor Code if they are "employers" within the meaning of the Industrial Welfare Commission's ("IWC") wage orders. *See id.* The IWC provides that an employer is any person "who directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours, or working conditions of any person." Cal. Code Regs. tit. 8, § 11010(2)(F); *see Martinez*, 49 Cal. 4th. at 63. Here, Plaintiff alleges that each of the Individual Defendants are "a managing agent of Wells Fargo and [ ] exercises substantial independent authority and judgment in his corporate decision-making so that his decisions ultimately determine corporate

JS6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:20-cv-08442-RGK-MRW** | Date | October 8, 2020 |
|---|---|---|---|
| Title | *MICHAEL ANDERSON v. WELLS FARGO BANK, N.A., et al* | | |

policy." (Compl., ¶¶ 3 and 4.) Based on these allegations, Wells Fargo's assertion that the Individual Defendants are sham defendants fail. Therefore, the Court finds that the presence in this action of the Individual Defendants, who are undisputedly a California citizens, defeats diversity jurisdiction.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

cc: Los Angeles Superior Court, 20STCV29493

|  | : |  |
|---|---|---|
|  | Initials of Preparer | jre |